



UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

JOHNSON'S SPORTING GOODS, INC,
    Plaintiff,

v.   Civil No. 05-101-P-C

BUREAU OF ALCOHOL, TOBACCO,
AND FIREARMS,
    Defendant.

## COMPROMISE SETTLEMENT, STIPULATION FOR DISMISSAL, AND ORDER

Pursuant to Federal Rule of Civil Procedure 41(a)(1)(ii), Plaintiff Johnson's Sporting Goods, Inc., by and through its attorneys Neil Shankman, Esq. and Eileen King, Esq., and Defendant the United States Bureau of Alcohol, Tobacco and Firearms (ATF), by and through its attorney, the United States Attorney for the District of Maine (collectively, the Parties), hereby agree and stipulate as follows:

1. The Parties agree to settle and compromise the above-captioned action, and each and every claim of any kind, whether known or unknown, arising out of the facts underlying this action, for and in consideration of the terms and conditions set forth below.

2. The Defendant agrees:

    a. not to permanently revoke Johnson's license to deal in firearms at its Portland Store, not to pursue any forfeiture action, and not to take any other action,

administrative, civil or criminal, against Johnson's based upon any of the violations listed in the attachment to the November 19, 2004 Final Notice of Revocation and Findings of Fact and Conclusions of Law (Violations).

    3.    The Plaintiff agrees:

    a.    that the Violations occurred as set forth in the attachment to the November 19, 2004 Final Notice of Revocation and Findings of Fact and Conclusions of Law;

    b.    that the Violations were committed willfully, within the meaning of that term as it applies to administrative violations of federal firearms laws;

    c.    that the Violations were committed in or affecting interstate or foreign commerce;

    d.    that its federal license for a Dealer in Firearms Other than Destructive Devices numbered 6-01-005-01-5K-34494 to deal in firearms at its Portland Store be suspended for a period of 90 days. This period will commence on May 1, 2006 and end on July 29, 2006 (Suspension Period). During this Period, Johnson's will not engage in any activity at its Portland Store for which a federal firearms license is required. This Compromise Settlement and Stipulation does not affect any activity that does not require a federal firearms license, nor does it affect Johnson's activities at its other federally licensed locations;

    e.    to comply with all laws and regulations pertaining

to record keeping requirements and any other issues under 18 U.S.C. Chapter 44 and 27 C.F.R. Part 478, prior to the commencement of the Suspension Period specified above, so that when Johnson's resumes the business of dealing in firearms at its Portland Store, it will be in full regulatory compliance;

  f. that during the Suspension Period, any attempt by it or any of its agents, officers, and/or affiliates to operate or engage in the business of dealing in firearms at the Portland Store shall be considered engaging in the business without a license or permit and shall be considered by the Government as a willful violation of the applicable statutes. This provision does not preclude Johnson's from referring firearms business from its Portland location to its other locations;

  g. that in the event that Johnson's commits the same or similar record keeping violations at any of its licensed locations after the date that this agreement is executed, then the Violations may be used to establish willfulness in any ensuing future administrative action under 18 U.S.C. § 923(d) to revoke Johnson's licenses (or, in the case of an application to renew a license, to deny the application);

  h. to administratively forfeit the sum of $5,000, representing the value of firearms that would be subject to forfeiture pursuant to 18 U.S.C. § 924(d) because of their involvement in the Violations. Johnson's will write a check in

the amount of $5,000 payable to the Department of Justice Asset Forfeiture Fund and deliver that check to the United States Attorney's Office for the District of Maine on or before May 1, 2006;

    i. on behalf of itself, its officers, agents, affiliates, heirs, executors, administrators and assigns, never to bring any other claim, demand, cause of action or action of any name, nature or kind (administrative, civil or otherwise) which they may have or hereafter acquire, against the United States of America, the ATF, or against any of their agencies, affiliates, commissioners, directors, officers, employees, agents, successors, assigns, heirs, executors, and/or administrators, arising from or based upon the facts underlying the Violations.

4. The Parties agree

    a. that this Compromise Settlement and Stipulation is entered into solely for the purpose of settling this action and is not an acknowledgment of criminal guilt;

    b. that this Compromise Settlement and Stipulation is a comprehensive agreement, and that the consideration set forth above represents the entire consideration for this Compromise Settlement.

Dated: 4/12/06

Paula D. Silsby
United States Attorney

*Halsey B. Frank*
Halsey B. Frank
Assistant United States Attorney

Attorneys for the United States
Bureau of Alcohol, Tobacco and
Firearms

Dated: 4/7/06

*Neil S. Shankman*
Neil S. Shankman, Esq
Shankman & Associates

Attorney for Johnson's
Sporting Goods, Inc

*Walter Johnson*
Walter Johnson
Owner
Johnson's Sporting Goods

Upon consideration of the Parties' Compromise Settlement and Stipulation for Dismissal, IT IS HEREBY ORDERED THAT the terms of the Parties' Compromise Settlement and Stipulation of Dismissal are incorporated into this Order of Dismissal, AND ORDERED THAT all claims in this action are hereby DISMISSED with prejudice.

SO ORDERED this _____ day of April, 2006.

_____
UNITED STATES DISTRICT JUDGE

5